UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>LEWISBERRY PARTNERS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-11496(PMM) |

# PLAN OF REORGANIZATION PROPOSED BY LEWISBERRY PARTNERS, LLC THE DEBTOR AND DEBTOR -IN-POSSESSION

Dated: June 3, 2024

**Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
CIARDI CIARDI & ASTIN
1905 Spruce Street
Philadelphia, PA  19103
T: (215) 557-3550
F: (215)557-3551
Email: aciardi@ciardilaw.com
Email: nnigrelli@ciardilaw.com**

**Attorneys for the Debtor
and Debtor-In-Possession**

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 4

II. DEFINITIONS ....................................................................................................................... 4

III. CLASSIFICATION OF CLAIMS ......................................................................................... 9
    3.1. Class 1 ......................................................................................................................... 10
    3.2. Class 2 ......................................................................................................................... 10
    3.3. Class 3 ......................................................................................................................... 10
    3.4. Administrative Claims ................................................................................................ 10
    3.5. Acceptance or Rejection of the Plan .......................................................................... 10

IV. TREATMENT OF CLASSES OF CLAIMS ...................................................................... 10
    4.1. Class 1 ......................................................................................................................... 10
    4.2. Class 2 ......................................................................................................................... 10
    4.3. Class 3 ......................................................................................................................... 10

V. TREATMENT OF UNCLASSIFIED CLAIMS .................................................................. 11
    5.1. Administrative Claims ................................................................................................ 11

VI. PROVISIONS FOR EXECUTION OF THE PLAN .......................................................... 12
    6.1. Possession of Assets ................................................................................................... 12
    6.2. Execution of Documents ............................................................................................ 12
    6.3. Alterations, Amendments or Modification ................................................................ 12
    6.4. Disbursing Agent ........................................................................................................ 12
    6.5. Final Decree ................................................................................................................ 12
    6.6. Retention and Enforcement of Claims ....................................................................... 12
    6.7. Transfer of Real Estate 11 U.S.C. § 1146(a) ............................................................. 12
    6.8. Management of the Reorganized Debtors .................................................................. 13

VII. ADDITIONAL PROVISIONS APPLICABLE TO ALL CLASSES ................................. 13

VIII. PROVISIONS GOVERNING DISTRIBUTIONS ............................................................. 13
    8.1. Distributions ................................................................................................................ 13
    8.2. Notices ........................................................................................................................ 14
    8.3. Default ......................................................................................................................... 14

IX. EFFECTS OF CONFIRMATION ...................................................................................... 15
    9.1. Discharge of Claims; Injunction ................................................................................. 15
    9.2. Term of Injunctions or Stays ...................................................................................... 15
    9.3. Injunctions Against Interference With Plan .............................................................. 15

| | | |
|---|---|---|
| X. | CRAMDOWN PROVISIONS AND CONFIRMATION REQUEST | 15 |
| XI. | MODIFICATION OF THE PLAN | 15 |
| | 11.1. Pre-Confirmation Modification | 15 |
| | 11.2. Pre-Consummation Modification | 16 |
| | 11.3. Non-Material Modifications | 16 |
| XII. | RETENTION OF JURISDICTION | 17 |
| XIII. | CAUSES OF ACTION | 17 |
| | 13.1. Litigation | 17 |
| | 13.2  Powers | 17 |
| XIV. | MISCELLANEOUS | 17 |
| | 14.1. Choice of Law | 17 |
| | 14.2. Payment of Statutory Fees | 17 |
| | 14.3. Discharge of Debtor | 18 |
| | 14.4. Discharge of Claims; Injunction | 18 |
| | 14.5. Effect of Confirmation Order | 18 |
| | 14.6. Severability | 19 |
| | 14.7. Successors and Assigns | 19 |
| | 14.8. Binding Effect | 19 |
| | 14.9. Withholding and Reporting Requirements | 19 |
| | 14.10. Executory Contracts and Unexpired Leases | 19 |
| | 14.11 Resolution with the Township of Buckingham | 19 |
| XV. | PROVISIONS FOR RESOLVING AND TREATING CLAIMS | 19 |
| | 15.1. Objections | 19 |
| | 15.2. Prosecution of Objections | 19 |
| | 15.3. No Distributions Pending Allowance | 19 |
| | 15.4. Distributions After Allowance | 20 |

# ARTICLE I
## Introduction

On May 2, 2024, Lewisberry Partners, LLC, the Debtor and Debtor-in-Possession (the "Debtor") commenced its bankruptcy case by filing a voluntary chapter 11 petition under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). This document is the chapter 11 plan (the "Plan") proposed by the Debtor (the "Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"), and which is provided to help you understand the Plan.

This is a reorganizing plan. In other words, the Proponent seeks to accomplish payments under the Plan by continuing to sell homes in the development.

# ARTICLE II
## Definitions

For the purposes of this Plan, the following terms shall have the respective meanings hereinafter set forth, such meanings to be equally applicable to the singular and plural forms of the terms defined except as the context otherwise requires. Any term defined in the Bankruptcy Code and not otherwise defined herein shall have the meaning specified in the Bankruptcy Code unless the context otherwise requires.

2.1. "ACCOUNTS RECEIVABLE" means any account as that term is defined in Section 9106 of the Pennsylvania Uniform Commercial Code, 13 P.S. §1101, et seq. (the "PA U.C.C."), and includes any right of the Debtor to payment for goods sold or leased or for services rendered which is not evidenced by an instrument or chattel paper (as those terms are defined in the PA U.C.C.), whether or not it has been earned by performance.

2.2. "ADMINISTRATIVE CLAIM" means a Claim incurred by the Debtor on or after the Petition Date and before the Effective Date for a cost or expense of administration of the chapter 11 case allowable under § 503(b) of the Bankruptcy Code and entitled to priority under § 507(a)(1) of the Bankruptcy Code.

2.3. "ADMINISTRATIVE CLAIMANT" means the holder of an Administrative Claim.

2.4. "ALLOWANCE DATE" means the date a Claim or Interest becomes an Allowed Claim or Allowed Interest, respectively.

2.5. "ALLOWED" The use of the term "Allowed" with reference to a Claim or Interest (e.g., "Allowed Unsecured Claim") shall mean one which (a) is listed in the bankruptcy schedules or list of equity security holders (including any amendments thereto) filed in this case as of the confirmation date and (i) not listed therein as disputed, contingent or

4

unliquidated or (ii) not objected to by the Debtor; (b) is set forth in a Proof of Claim or Interest properly filed in this case on or before the date fixed by the Bankruptcy Court (or by applicable rule or statutes as the last day for filing such proof(s), and as to which no objection is filed; or (c) is determined to be allowed in a Final Order.

2.6. "ALLOWED CLAIM" means (a) a Claim that has been allowed by a Final Order; (b) a Claim which is specified herein to be an Allowed Claim; or (c) a Claim timely filed with the Office of the Clerk of the Court or scheduled by the Debtor in its Schedules as neither unliquidated, disputed or contingent and as to which Claim (i) no objection with respect to the allowance thereof has been or shall be interposed within the period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or orders of the Court, or (ii) as to which Claim either an objection to the Claim or an application to amend the Schedules with respect to a scheduled Claim has been interposed, which objection or application has been resolved by a Final Order to the extent such objection or application is determined in favor of the holder of such Claim. Unless otherwise specified, "Allowed Claim" shall not include interest on the principal amount of such Claim accruing from or after the Petition Date.

2.7. "ALLOWED INTEREST" shall mean an Interest (a) in respect to which a proof of interest has been filed with the Court within the applicable period of limitation fixed by Rule 3003 or (b) scheduled in the list of equity security holders prepared and filed with the Court pursuant to Rule 1007(b), in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Rule 3003 or an Order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding is pending.

2.8. "ASSETS" means all of the Debtor's property, real and personal, tangible and intangible, including without limitation Accounts Receivable, goods, chattel paper, documents, instruments, money, fixtures, contract rights, Causes of Action, claims and rights of any kind, wherever situated, together with the proceeds thereof.

2.9. "BANKRUPTCY CODE" means chapter 11 of title 11 of the United States Code, as amended from time to time, applicable to this case as of the Petition Date.

2.10. "BANKRUPTCY COURT" or "COURT" means the United States Bankruptcy Court for the Eastern District of Pennsylvania.

2.11. "BANKRUPTCY RULES" means the Federal Rules of Bankruptcy Procedure, as amended from time to time promulgated by the Supreme Court of the United States.

2.12. "BAR DATE" means the last date fixed by order of the Court for the filing of proofs of claim.

2.13. "BUSINESS DAY" means any day except a Saturday, Sunday, or other day on which commercial banks located in Pennsylvania, are authorized by law to close.

2.14. "CASE" means the reorganization case of the Debtor under Chapter 11 of the Bankruptcy Code presently captioned: In re. Lewisberry Partners, LLC, Bankruptcy No. 24-11496(PMM).

2.15. "CAUSES OF ACTION" means all claims and causes of action now owned or hereafter acquired by the Debtor, whether arising under the Code or other federal or state law, including, without limitation, any causes of action arising under Sections 544, 547, 548, 550, 551, 553 or other sections of the Code.

2.16. "CLAIM" means a claim or any Lien (as defined below) against the Debtor within the meaning of Section 101(5) of the Bankruptcy Code and is intended to include, without limitation, any claim, suit, demand, note, liability, setoff, recoupment or charge, and any claim for reimbursement, contribution, indemnity or exoneration.

2.17. "CLAIMANT" A person or entity holding a Claim (including, his, her or its successors, assigns, heirs, executors, or personal representatives).

2.18. "CLASS" means a group of Claims, consisting of Claims which are substantially similar to each other, as classified pursuant to this Plan.

2.19. "CONFIRMATION DATE" means the date on which the Confirmation Order confirming the Plan at or after a hearing convened pursuant to §1129 of the Bankruptcy Code becomes a Final Order.

2.20. "CONFIRMATION HEARING" means the hearing at which the Court considers confirmation of this Plan.

2.21. "CONFIRMATION ORDER" means the order of the Court confirming the Plan pursuant to §1129 of the Bankruptcy Code.

2.22. "CONTESTED CLAIM" means any Claim as to which the Debtor or any other party in interest has interposed an objection, in accordance with the Bankruptcy Code and Bankruptcy Rules, which objection has not been determined by a final order or a claim which is scheduled as contingent or disputed.

2.23. "CREDITOR" means the holder of a Claim against the Debtor.

2.24. "DEBTOR" means Lewisberry Partners, LLC.

2.25. "DEFICIENCY CLAIM" means, with reference to a Creditor having an Allowed Secured Claim, that portion of the Creditor's Allowed Claim that is not an Allowed Secured Claim only because (a) the monetary benefit derived from the exercise of any available right of setoff and the application to the Claim of the net proceeds available from disposition of Assets securing the Creditor's Allowed Claim is insufficient to permit payment in full of the Allowed Claim, or (b) a Final Order entered in a proceeding to determine the extent of the

6

Secured Claim provides that part of the Creditor's Allowed Claim is not an Allowed Secured Claim based on a valuation of the Creditor's interest in the Debtor's interest in the Assets securing the Claim.

2.26. "DISBURSING AGENT" has the meaning given to such term in Section 6.4 hereof.

2.27. "DISPUTED CLAIM" means any Claim which is scheduled as disputed, contingent or unliquidated, or which is objected to in whole or in part before the Effective Date.

2.28. "DISTRIBUTION" means any payment by the Debtor to a Claimant on account of a Claim.

2.29. "EFFECTIVE DATE" means the date that the Confirmation Order becomes a Final Order. However, at the option of the Debtor, a Confirmation Order subject to a pending appeal or certiorari proceeding may be considered a Final Order provided no order has been entered by any court of competent jurisdiction staying the effect of the Confirmation Order.

2.30. "FEE CLAIM" means a claim under § 330 or § 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in this Chapter 11 case.

2.31. "FINAL ORDER" means (a) a judgment, order or other decree issued and entered by the Court, which judgment, order or other decree (i) has not been reversed or stayed and as to which the time to appeal has expired and as to which no appeal or petition for review, rehearing or certiorari is pending or (ii) with respect to which any appeal has been finally decided and no further appeal or petition for certiorari can be taken or granted; and (b) a stipulation or other agreement entered into which has the effect of any such judgment, order or other decree described in clause (a) above.

2.32. "IMPAIRED CLASS" means any Class of Claims which is impaired within the meaning of Section 1124 of the Bankruptcy Code.

2.33. "INSIDER" means any "insider" as that term is defined in Paragraphs (B), (E) or (F) of Section 101(31) of the Bankruptcy Code.

2.34. "LIEN" means, with respect to any of the Assets of the Debtor, any mortgage, lien (including any mechanics liens), pledge, charge, security interest, or other security device (including a lease which is not a true lease) or encumbrance of any kind affecting such Asset.

2.35. "MANAGEMENT" means the senior managers of the Reorganized Debtor who are responsible for the implementation of this Plan and the day to day and overall conduct of the affairs of the Reorganized Debtor.

2.36. "PERSON" means a person within the meaning of Section 101(41) of the Bankruptcy Code.

2.37. "PETITION DATE" means May 2, 2024, the date upon which the Debtor filed its petition.

2.38. "PETITION" means the voluntary petition for reorganization filed by the Debtor with the Court pursuant to Chapter 11 of the Bankruptcy Code.

2.39. "PLAN" means this Plan of Reorganization, as it may be further amended, modified or supplemented from time to time, and any exhibits and schedules thereto.

2.40. "PLAN PROPONENT" means the Debtor.

2.41. "PRIORITY NON-TAX CLAIM" shall mean a Claim or a portion of a Claim for which priority is asserted under § 507(a)(3), (4), (5), (6) or (7) of the Bankruptcy Code.

2.42. "PRIORITY TAX CLAIM" shall mean a Claim or a portion of a Claim for which priority is asserted under § 507(a)(8) of the Bankruptcy Code.

2.43. "PRO RATA" means with respect to any distribution to the holder of an Allowed Claim of a particular Class of the Plan on a particular date, the same proportion that the amount of such Allowed Claim bears the aggregate amount of all Claims of such Class, including Contested Claims.

2.44. "PROPONENT" means the Debtor.

2.45. "REORGANIZED DEBTOR" means the Debtor in Possession as consolidated, reorganized and functioning under the Plan after the Effective Date.

2.46. "REJECTION CLAIM" means any claim for amounts due as a result of the rejection of any executory contract or lease which is rejected by the Debtor by Final Order.

2.47. "SCHEDULES" means the schedules of assets and liabilities filed by the Debtor with the Office of the Clerk of the Court pursuant to Bankruptcy Rule 1007, as amended from time to time.

2.48. "SECURED CLAIM" shall mean a Claim that is (a) secured by a valid, perfected and enforceable Lien on Assets of the Debtor, to the extent of the value of the interest of the holder of such Secured Claim in such Assets; or (b) a claim which is specified herein as an Allowed Secured Claim, to the extent of the value of the interest of the holder of such secured claim in such assets.

2.49. "UNIMPAIRED CLASS" means any Class of Claims which is not impaired within the meaning of Section 1124 of the Bankruptcy Code.

2.50. "UNSECURED CLAIM" means any Claim, whether or not disputed, liquidated or contingent, including a Rejection Claim or a Deficiency Claim arising out of any default of the Debtor under a contract entered into by the Debtor prior to the Petition Date, other than an Administrative Claim, Priority Non-Tax Claim, Priority Tax Claim or Secured Claim.

### ARTICLE III
### Classification of Claims

As required by the Bankruptcy Code, the Plan classifies Claims and Interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of Claims or Interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan. A Proof of Claim asserting a claim which is properly included in more than one class is included in each such class to the extent that it qualifies within the description of such class.

3.1. **Class 1.** **Secured Claim of U.S. Bank Trust National Association, not in its individual capacity but solely as a trustee of HOF Grantor Trust I.** Class 1 consists of the secured Claim of U.S. Bank Trust National Association, not in its individual capacity but solely as a trustee of HOF Grantor Trust I. The Class 1 claims are impaired.

3.2. **Class 2.** **General Unsecured Claims.** Class 2 consists of the Allowed General Unsecured Claims. The Class 2 claims are impaired.

3.3. **Class 3.** **Interest Holders.** Class 3 consists of the Membership Interest of the Debtor. Class 3 claims are unimpaired.

3.4. Administrative Claims. As provided in section 1123(a)(1) of the Bankruptcy Code, Administrative Claims shall not be classified for purposes of voting or receiving distributions under the Plan. Rather, all such claims shall be treated separately as unclassified Claims pursuant to the terms set forth in Article V of this Plan.

3.5. Acceptance or Rejection of Plan. Each impaired Class of Creditors with Claims against the Debtor's estate shall be entitled to vote separately to accept or reject the Plan. A Class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the allowed Claims of such Class that have accepted or rejected the Plan. In the event that any Impaired Class of Creditors or Interest holders shall fail to accept the Plan in accordance with section 1129(a) of the Bankruptcy Code, the Proponent will request that the Bankruptcy Court confirm the Plan in accordance with section 1129(b) of the Bankruptcy Code.

## ARTICLE IV
## Treatment of Classes of Claim

4.1. **Class 1.** **Secured Claim of U.S. Bank Trust National Association, not in its individual capacity but solely as a trustee of HOF Grantor Trust I ("Lender").** Class 1 is impaired. The Lender holds a Claim secured by a first mortgage lien and security interest in all assets of the Debtor. The loans are evidenced by a Note, a Mortgage and other loan documents executed pre-petition. The Lender has moved for foreclosure and thus triggered the valuation and turnover provisions of the settlement agreement entered into by the Debtor, the Puleos and the Lender on August 3, 2022 (the "Settlement Agreement"). Thus, this Plan will implement the Settlement Agreement by expediting the foreclosure and valuation process which the Lender requested when it filed its foreclosure action. In accordance with the Settlement Agreement, the Class 1 claim shall be fixed by order of the Court. The Court will value the Properties using the process established in paragraph 15.2 of the Settlement Agreement which provides that ninety (90%) percent of the value of any property will be credited to the debt owed to reduce the amount of the allowed claim. (the "Class 1 Allowed Claim"). Except as otherwise provided herein, the treatment and consideration to be received by the holder of Class 1 Allowed Claim shall be in full settlement, satisfaction, release and discharge of its respective Claims and Liens. At the Confirmation Hearing the Court shall determine the principal amount of the Class 1 Claim calculated at the non-default contract rate which shall be the Class 1 Allowed Claim.

On the Effective Date, the Debtor shall deed to Lender sufficient units to pay the Class 1 Allowed Claim in the amount determined by the Court using the valuation method in the Settlement Agreement. To the extent necessary, this will include units owned by Richard and Lorraine Puleo (collectively, the "Puleos"). All remaining units owned by the Puleos will be free of all debt and the Lender shall release or satisfy the mortgage as to all remaining properties.

Prior to the Effective Date, the Debtor may sell units with the sale proceeds applied first to interest and then to principal which shall reduce the Allowed Class 1 Claim.

4.2. **Class 2.** **Unsecured Claims.** Class 2 consists of Allowed Unsecured Claims of the Debtor. Class 2 is Impaired. The treatment and consideration to be received by holders of Class 2 Allowed Unsecured Claims shall be in full settlement, satisfaction, release and discharge of their claims. Class 2 Allowed Unsecured Claims will be paid in full from the sale of one or more of the Debtor's units after the payment or transfer of units on account of the Class 1 Allowed Claim and the Administrative Claims.

4.3. **Class 3.** **Equity Holders.** Class 3 is unimpaired. All equity holders shall retain their equity post-confirmation.

## ARTICLE V
## Treatment Of Unclassified Claims

5.1. Administrative Claims. All Administrative Claims shall be treated as follows:

10

    a. <u>Time for Filing Administrative Claims.</u> The holder of an Administrative Claim, other than (i) a Fee Claim or (ii) a liability incurred and paid in the ordinary course of business by the Debtor, must file with the Bankruptcy Court and serve on the Debtor and its counsel, notice of such Administrative Claim within thirty (30) days after the Confirmation Date. Such notice must include at minimum (i) the name of the holder of the claim, (ii) the amount of the claim and (iii) the basis of the claim. Failure to file this notice timely and properly shall result in the Administrative Claim being forever barred and discharged.

    b. <u>Time for Filing Fee Claims</u>. Each professional person requesting compensation in the case pursuant to sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than sixty (60) days after the Effective Date. Failure to file the fee application timely shall result in the fee claim being forever barred and discharged. Nothing herein shall prohibit each professional person from requesting interim compensation during the course of this case pending Confirmation of this Plan. No motion or application is required to fix fees payable to the clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

    c. <u>Allowance of Administrative Claims.</u> An Administrative Claim with respect to which notice has been properly filed pursuant to Section 5.1(a) of this Plan shall become an Allowed Administrative Claim if no objection is filed within thirty (30) days of the filing and service of notice of such Administrative Claim. If an objection is filed within such thirty (30) day period, the Administrative Claim shall become an Allowed Administrative Claim only to the extent allowed by Final Order. An Administrative Claim that is a Fee Claim, and with respect to its fee application has been properly filed pursuant to Section 5.1(b) of the Plan, shall become an Allowed Administrative Claim only to the extent allowed by Final Order.

    d. <u>Payment of Allowed Administrative Claim</u>. Each holder of an Allowed Administrative Claim shall receive (i) the amount of such holder's Allowed Claim upon the Effective Date, (ii) such other treatment as may be agreed upon in writing by the Debtor and such holder as long as no payment is made thereon prior to the Effective Date, or (iii) as may be otherwise ordered by the Court, provided that an Administrative Claim representing a liability incurred in the ordinary course of business by the Debtor may be paid in the ordinary course of business.

    e. <u>Professional Fees Incurred After the Effective Date.</u> Any professional fees incurred by the Reorganized Debtor after the Effective Date must be approved by the Debtor and paid. Any dispute which may arise with regard to professional fees after the Effective Date shall be submitted to the Bankruptcy Court, which shall retain jurisdiction to settle these types of disputes.

11

# ARTICLE VI
## Provisions For Execution of The Plan

6.1. <u>Possession of Assets</u>. All of the assets of the Debtor shall be liquidated to satisfy the Class 1 and 2 claims until both Classes are paid in full

6.2. <u>Execution of Documents</u>. Prior to the Effective Date, the Debtor is authorized and directed to execute and deliver all documents and to take and to cause to be taken all action necessary or appropriate to execute and implement the provisions of this Plan.

6.3. <u>Alterations, Amendments or Modifications</u>. This Plan may be altered, amended, or modified by the Proponent before or after the Confirmation Date, as provided in §1127 of the Bankruptcy Code.

6.4. <u>Disbursing Agent</u>. Joanna Johnson, shall be the Disbursing Agent ("Disbursing Agent") herein. The Disbursing Agent will pay Allowed Class 2 Claims. All other classes will be paid by the Reorganized Debtor. The Disbursing Agent shall have the sole and exclusive right to make the distributions required by the Plan. The Disbursing Agent may hold or invest the funds in one or more accounts, provided that all investments shall be made in accordance with 11 U.S.C. §345. The Disbursing Agent shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

6.5. <u>Final Decree</u>. After final distributions are made, the Disbursing Agent shall file a motion to close the case and request that a final decree be issued. The Debtor shall file all interim and final plan implementation reports and pay any fees to the Office of the United States Trustee.

6.6. <u>Retention and Enforcement of Claims</u>. Pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, the Reorganized Debtor shall retain and may enforce any and all claims of the Debtor on behalf of, and as a representative of, the Debtor or its estate, including, without limitation, all claims arising or assertable at any time under the Bankruptcy Code, including under 11 U.S.C. §§ 510, 542, 543, 544, 545, 547, 548, 549, 550, 552 and 553 thereof; provided, however, that on the Effective Date, all claims, causes of action, rights and demands, whether in law or equity, known or unknown, asserted or unasserted, preserved for the Debtor against the Agent, the Lenders, and their respective shareholders, members, officers, directors, employees, partners, affiliates, subsidiaries, advisors, professionals and agents are hereby discharged, released and relinquished pursuant to the terms of this Plan and shall constitute a settlement and compromise of claims approved by the Bankruptcy Court under Bankruptcy Rule 9019.

6.7. <u>Transfer of Real Estate Pursuant to 11 U.S.C. § 1146 (a)</u>. The transfer of all real estate under the Plan, shall not be taxed under any law imposing a stamp tax or similar tax.

      6.8    Management of the Reorganized Debtor. The daily management of the Reorganized Debtor will remain the responsibility of both Joanna Johnson and Richard Puleo, Esquire, who at all times shall act to implement the Plan.

## ARTICLE VII
### Additional Provisions Applicable To All Classes

      7.1.    The payments, distributions and other treatments provided in respect of each Allowed Claim and Allowed Interest in the Plan shall be in full settlement and complete satisfaction discharge and release of such Allowed Claim and Allowed Interest.

      7.2.    Notwithstanding any of the provisions of the Plan specifying a date or time for the payment or distribution of consideration hereunder, payments and distributions in respect of any Claim or Interest which at such date or time are disputed, unliquidated or contingent shall not be made until such Claim or Interest becomes an Allowed Claim or an Allowed Interest, whereupon such payment and distribution shall be made promptly pursuant to and in accordance with this Plan.

## ARTICLE VIII
### Provisions Governing Distributions and General Provisions

      8.1.    Distributions. Distributions pursuant to this Plan shall be made by the Disbursing Agent as provided herein.

      a.    Delivery of Distributions. Distributions and deliveries to holders of Allowed Claims will be made at the addresses set forth on the proofs of claim filed by the holders (or at the last known address). If any holder's distribution is returned as undeliverable, no further distributions to the holder will be made unless and until the Debtor is notified of the holder's then current address, at which time all missed distribution will be made to the holder without interest. All Claims for undeliverable distributions must be made to the Disbursing Agent on or before the later of (i) the first anniversary of the Effective Date, or (ii) ninety (90) days after the respective distribution was made. After that date, all unclaimed property will become property of the Reorganized Debtor, and the Claim of any holder with respect to such property will be discharged and forever barred.

      b.    Means of Cash Payment. Cash payments made pursuant to the Plan will be in United States funds, by check drawn on a domestic bank or by wire transfer from a domestic bank. All cash distributions will be made by the Disbursing Agent.

      c.    Time Bar to Cash Payments. Checks issued by the Disbursing Agent in respect of Allowed Claims will be null and void if not cashed within ninety (90) days of the date of their issuance. Requests for re-issuance of any check shall be made to the Disbursing Agent by the holder of the Allowed Claim with respect to which the check originally was issued. Any claim relating to a voided check must be made on or before the later of the (i) first

13

anniversary of the Effective Date, or (ii) ninety (90) days after the date the check was voided. After the date, all claims will be discharged and forever barred and the cash, including interest earned shall be revested in the Reorganized Debtor.

    d.  Setoffs. The Debtor may, but will not be required to, set off against any Claim and the payments to be made pursuant to the Plan in respect of the Claim, any claims of any nature whatsoever the Debtor may have against the claimant, but neither the failure to do so nor the allowance of any Claim hereunder will constitute a waiver of release by the Debtor of any such claim the Debtor may have against such claimant.

    e.  De Minimis Distributions. No cash payment of less than twenty-five dollars ($25.00) will be made by the Disbursing Agent to any creditor unless a request is made in writing to Debtor to make such a payment.

    f.  Saturday, Sunday or Legal Holiday. If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but will be deemed to have been completed as of the required date.

  8.2.  Notices. Any notice described in or required by the terms of this Plan or the Code and Rules shall be deemed to have been properly given when actually received, or if mailed, five (5) days after the date of mailing as such may have been sent by certified mail, return receipt requested, and if sent to:

    (a)  If to the Debtor, addressed to:
      Lewisberry Partners, LLC
      27 Nutt Road
      Phoenixville, PA 19460
      Attn: Richard Puleo, Esquire

    (b)  With copies to Counsel:
      Albert A. Ciardi, III, Esquire
      Nicole M. Nigrelli, Esquire
      Ciardi Ciardi & Astin
      1905 Spruce Street
      Philadelphia, PA 19103

  8.3  Default. No default shall be declared under this Plan unless and until any payment due under this Plan has not have been made within thirty (30) days after written notice to the Reorganized Debtor and counsel for the Debtor.

## ARTICLE IX
## Effects of Confirmation

  9.1.  Discharge of Claims and Liens; Injunction. Except as otherwise expressly provided in the Plan, the entry of the Confirmation Order shall act to, among other things,

14

permanently enjoin all Persons who have held, hold or may hold any Claim, Lien, encumbrance of or Interests in the Debtor as of the Confirmation Date (a) from commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest against the Debtor, (b) from the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or the Property of the Debtor with respect to any such Claim, Lien, encumbrance or Interest, (c) from creating, perfecting or enforcing any encumbrance of any kind against the Debtor thereof, or against the property of the Debtor with respect to any such Claim, Lien, encumbrance or Interest, (d) from creating, perfecting or enforcing any encumbrance of any kind against the Debtor thereof, or against the property of the Debtor with respect to any such Claim, Lien, encumbrance or Interest, and (e) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due from the Debtor thereof, or against the property of the Debtor, with respect to any such Claim, Lien, encumbrance or Interest. To the extent, however, that the Debtor defaults under the terms of the Plan and such default is not cured within thirty (30) days after the Debtor and its counsel receive notice of the default, as provided for under Sections 8.2 and 8.3 of the Plan, the injunction shall be void.

9.2. <u>Term of Injunctions or Stays</u>. Unless otherwise provided, all injunctions or stays provided for in Chapter 11 cases pursuant to section 362(a) of the Bankruptcy Code or otherwise, shall remain in full force and effect until the Effective Date at which time the injunction under section IX a shall be in force.

9.3. <u>Injunction Against Interference With Plan</u>. No entity may commence or continue any action or proceeding, or perform any act to interfere with the implementation and consummation of the Plan and the payments to be made hereunder.

## ARTICLE X
## Cramdown Provisions and Confirmation Request

10.1. In the event that sufficient votes to confirm said Plan are not received, the Debtor requests confirmation of the Plan pursuant to the provision of Section 1129(b) of the Bankruptcy Code.

## ARTICLE XI
## Modification of the Plan

11.1. <u>Pre-Confirmation Modification</u>. At any time before the Confirmation Date, the Plan may be modified by the Proponent upon approval of the Bankruptcy Court, provided that the Plan, as modified, does not fail to meet the requirements of Section 1122 and 1123 of the Bankruptcy Code. In the event that there is a modification of the Plan, then the Plan as modified, shall become the Plan.

11.2. <u>Post-Consummation Modification</u>. At any time after the Confirmation Date of the Plan, but before substantial consummation of the Plan, the Plan may be modified by the Proponent upon approval of the Bankruptcy Court, provided that the Plan, as modified, does

not fail to meet the requirements of Section 1122 and 1123 of the Bankruptcy Code. The Plan, as modified under these sections, becomes a Plan only if the Court, after notice and hearing, confirms such Plan, as modified, under Section 1129 of the Bankruptcy Code.

11.3. <u>Non-Material Modifications</u>. At any time, the Proponent may, without the approval of the Court, so long as it does not materially or adversely effect the interest of Creditors, remedy any defect or omission, or reconcile any such inconsistencies in the Plan or in the Confirmation Order, as such matters may be necessary to carry out the purposes, intent and effect of this Plan.

## ARTICLE XII
### Retention of Jurisdiction

12.1. The Court shall retain jurisdiction of the case after the Confirmation Date for the following purposes:

(a) to determine any and all objections in the allowance of claims and amendments to schedules;

(b) to classify the Claim of any Creditor and to re-examine Claims which have been allowed for purposes of voting, to determine such objections as may be filed to Claims;

(c) to determine any and all disputes arising under or in connection with the Plan, the sale of any of the Debtor's assets, collection or recovery of any assets (other than under or in connection with the Post-Effective Date Loan documents or any arrangements with respect to Class 2);

(d) to determine any and all applications for allowance of compensation and reimbursement of expenses herein;

(e) to determine any and all pending applications for rejections of executory contracts and unexpired leases and the allowance of any claims resulting from the rejection thereof or from the rejection of executory contracts or unexpired leases pursuant to the Plan;

(f) to determine any and all applications, adversary proceedings and contested and litigated matters pending in the case as of, or after, the Confirmation Date;

(g) to determine any and all proceedings for recovery of payments pursuant to any Cause of Action;

(h) to modify any provision of the Plan to the full extent permitted by the Bankruptcy Code;

(i) to correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes, intent and effect of the Plan;

(j) to determine such other matters which may be provided for in the Confirmation Order as may be authorized under the provisions of the Bankruptcy Code;

(k) to enforce all provisions under the Plan;

(l) to enter any order, including injunctions, necessary to enforce the terms of the Plan, the powers of the Debtor under the Bankruptcy Code, this Plan and as the Court may deem necessary (other than under or in connection with the Post-Effective Date Loan Documents or any arrangements with respect to Class 2).

## ARTICLE XIII
## Causes of Action

13.1. Litigation. Except as otherwise provided in this Plan, the Debtor reserves the right to initiate or continue any litigation or adversary proceeding permitted under the Bankruptcy Code and applicable Federal Rules of Bankruptcy Procedure with respect to any Cause of Action.

13.2. Powers. The Debtor shall have the right to settle, compromise, sell, assign, terminate, release, discontinue or abandon any Cause of Action from time to time in its discretion.

## ARTICLE XIV
## Miscellaneous

14.1. Choice of Law. Except to the extent superseded by the Bankruptcy Code or other federal law, the rights, duties and obligations arising under the Plan shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania, without regard to the choice of law rules thereof.

14.2. Payment of Statutory Fees. All fees payable pursuant to section 1930 of Title 28 of the United States Code, as determined by the Court at the hearing pursuant to section 1128 of the Bankruptcy Code, will be paid on or before the Effective Date. Moreover, all post-confirmation quarterly fees shall be paid by the Reorganized Debtor as and when they become due until the Bankruptcy Case is closed.

14.3. Discharge of Debtor. Except as otherwise provided in this Plan, the rights afforded in the Plan and the treatment of all Claims and Equity Interests in the Plan shall be in exchange for and in complete satisfaction, discharge, and release of Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor, any of its assets or properties and the Debtor's Estate. Except

17

as otherwise provided in this Plan (i) on the Effective Date, all Claims against the Debtor will be satisfied, discharged and released in full and (ii) all Persons shall be precluded from asserting against Debtor, its successors, or its assets or properties any other or further Claims or Equity Interests based upon any act or omission, transaction, or other activity of any kind or nature that occurred before the Confirmation Date.

Notwithstanding the forgoing, the discharge granted by 11 U.S.C. § 1141 (d) is modified as to the secured or priority tax debt provided for in this plan, and the discharge of any secured or priority tax debt under this plan shall not be effective until all secured or priority taxes provided for in the plan have been paid in full.

14.4. Discharge of Claims; Injunction. Except as otherwise provided in this Plan, the rights afforded in this Plan and the payments and distributions to be made under the Plan shall be in complete exchange for, and in full satisfaction, discharge and release of, all existing debts and Claims of any kind, nature or description whatsoever against the Debtor, the estate or any of its Assets, and upon the Effective Date, all existing Claims, Liens and encumbrances against the Debtor, the estate and all of their assets and properties will be, and be deemed to be, exchanged, satisfied, discharged and released in full; and all holders of any Claim, Lien and encumbrance shall be precluded and enjoined from asserting against the Debtor, the Reorganized Debtor, their successors or their respective Assets or properties any other or further Claim, Lien or encumbrance based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not the holder filed a proof of claim. It is acknowledged, however, that if the Debtor is in default under the terms of the Plan, and such default is not cured within thirty (30) days after notice of the default is provided to the Debtor and its counsel in accordance with the notice provision under Section 8.2 of the Plan, the injunction will be void. For the avoidance of any doubt, upon the Effective Date of the Plan, other than the liens in Class 1, there shall be no Claim, Lien, encumbrance or Interest against the Debtor. In addition, upon the occurrence of the Effective Date, the Effective Date shall act as an injunction from any and all party(ies), other than Class 1, from asserting or continuing to assert any Claim, Lien, encumbrance or Interest.

14.5. Effect of Confirmation Order. Except as provided in Section 1141(d) of the Bankruptcy Code and as otherwise provided in the Plan, the provisions of the Plan and the Confirmation Order shall bind the Reorganized Debtor and all holders of Claim, Lien, encumbrance or Interests and will be a judicial determination of discharge of the Debtor from all debts that arose before the Confirmation Date and any liability on a Claim, Lien, encumbrance or Interest that is determined under Section 502 of the Bankruptcy Code as if such Claim had arisen before the Confirmation Date, whether or not a proof of claim based on any such date or liability is filed under Section 501 of the Bankruptcy Code and whether or not a Claim based on such debt or liability is allowed under Section 502 of the Bankruptcy Code and whether or not such holder is impaired under the Plan and whether or not such holder has accepted the Plan, and shall terminate all rights, Claims and interests of such holder, except as provided in the Plan.

14.6. Severability. Should any provision in this Plan be determined to be unenforceable, that determination will in no way limit or affect the enforceability and operative effect of any provision of the Plan.

14.7. Successors and Assigns. The rights and obligations of any person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of that Person.

14.8. Binding Effect. The Plan will be binding upon and inure to the benefit of the Debtor, its Creditors, the holders of Equity Interests, and their respective successors and assigns.

14.9. Withholding and Reporting Requirements. In connection with the Plan and all instruments issued and distributions made pursuant to the Plan, the Debtor will comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions made pursuant to the Plan will be subject to any such withholding and reporting requirements.

14.10. Executory Contracts and Unexpired Leases. The Debtor shall assume the tenant leases on all units.

## ARTICLE XV
## Provisions for Resolving and Treating Claims

15.1. Objections. Notwithstanding the occurrence of the Confirmation Date or the Effective Date, the Debtor may object to the allowance of any Claim not previously allowed by final order whether or not a Proof of Claim has been filed and whether or not the Claim has been filed and whether or not the Claim has been scheduled as non-disputed, non-contingent and liquidated.

15.2. Prosecution of Objections. After the date of entry of the Confirmation Order, only the Debtor will have authority to file objections, litigate to judgment, settle or withdraw objections to Contested Claims.

15.3. No Distributions Pending Allowance. No payments or distributions will be made with respect to any Contested Claim except to the extent that the Contested Claim becomes an Allowed Claim. If only a portion of a claim is disputed (and in the absence of a basis for set off or counterclaim), the distribution will be made on a pro rata basis on the uncontested portion of the claim, pending resolution of the portion which is disputed.

15.4. Distributions After Allowance. Payments and distribution to each holder of a Contested Claim, to the extent that the Contested Claim becomes an Allowed Claim, will be made in accordance with the provisions of the Plan governing the Class of Claims to which the respective holder belongs as soon as practicable after the date that the order or judgment of the Court allowing the Claim becomes a Final Order.

Dated: June 3, 2024   **LEWISBERRY PARTNERS, LLC**

*/s/ Richard Puleo*
Name:  Richard Puleo
Title:  President

**CIARDI CIARDI & ASTIN**

*/s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA  19103

Attorneys for the Debtor and
Debtor-in-Possession